IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


DANI HOURANI,
#17832-039

        Petitioner,

vs.

        Case No. 18–cv–152–DRH

T. G. WERLICH,

        Respondent.


## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Dani Hourani, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he argues that under the recent decisions of the Supreme Court in *Rosemond v. United States*, 134 S.Ct. 1240 (2014) and *Fowler v. United States*, 131 S.Ct. 2045 (2011), he is actually innocent of his convictions under 18 U.S.C. §§ 2, 1512(a). (Doc. 1).

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District

1

Courts.

## The Petition

In his criminal case in the Eastern District of Michigan, *United States v. Hourani*, No. 2:95-cr-80071-BAF (E.D. Mich. July 31, 1996), Petitioner was found guilty at trial of conspiring to murder a federal witness in violation of 18 U.S.C. §§ 371, 1512 and aiding and abetting the killing of another person with the intent to prevent the other person from communication with law enforcement or attending and testifying at an official proceeding in violation of 18 U.S.C. §§ 1512(a), 2. (Doc. 1, p. 2). He was sentenced to life imprisonment for the § 1512(a) violation and a concurrent five year term for the § 371 violation. *Id.*

Petitioner unsuccessfully appealed his convictions and then filed an unsuccessful § 2255 petition in 2000 claiming ineffective assistance of counsel. *Id.* Petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in October 2003, but it was denied as an unauthorized second or successive § 2255. Petitioner now argues that pursuant to *Rosemond* and *Fowler*, he is actually innocent of his 18 U.S.C. § 1512(a) and 18 U.S.C. § 2 convictions and sentences, so his life sentence should be vacated. (Doc. 1, pp. 9-10).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge,

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* See also *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have

been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The instant Petition meets the first requirement as *Rosemond* and *Fowler* appear to be cases of statutory interpretation. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (noting *Rosemond* is a case of statutory interpretation); *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3rd Cir. 2017) ("[T]he Supreme Court's *Fowler* decision interpreted the witness tampering murder statute in a manner that gave the statute a narrower reach than that previously permitted by our Circuit precedent."). The Petition also appears to meet the second requirement. The Seventh Circuit has indicated that *Rosemond* is substantive and retroactive. *Montana*, 829 F.3d at 784. *Fowler* has also been deemed substantive and retroactive. *Bruce*, 868 F.3d at 182 (citing *United States v. Smith*, 723 F.3d 510, 515 (4th Cir. 2013).

The third requirement is not met with respect to Petitioner's arguments premised on *Rosemond*. "In Rosemond the Court clarified what the prosecution must show in order to sustain a conviction for aiding and abetting a § 924(c) offense." *Nix v. Daniels*, 2016 WL 9406711 (7th Cir. 2016) (citing 18 U.S.C. §§ 2, 924(c)). Like in *Nix*, "*Rosemond* does not apply to either set of [Petitioner's] convictions because neither case charged [Petitioner] with any type of § 924(c) offense." *Id.*

The Court, however, cannot ascertain whether the third requirement is met

4

as to Petitioner's reliance on *Fowler*. The Seventh Circuit has not yet been faced with a § 2241 petition based on *Fowler*. Petitioner claims that *Fowler* stands for the proposition that, because the murder victim was an innocent bystander, "unrelated to any investigation or legal proceeding," Petitioner was innocent of § 1512 because the murder "was not done to silence or prevent any communication under § 1512." (Doc. 1, pp. 15-16).

Petitioner's interpretation of *Fowler* is incorrect. *Fowler* does not address the implications of the murder of an individual who is not a potential witness or informant during an attempt to murder a potential witness or informant. Instead, in *Fowler*, "the Supreme Court held that § 1512 requires the government to show that, if the witness tampering had not occurred, there was a 'reasonable likelihood' that the witness would have communicated with *federal officers* about the underlying federal offense." *United States v. Snyder*, 865 F.3d 490, 494 (7th Cir. 2017). While Petitioner does not directly address this issue as applied to his case, he does point to the jury instructions in his case as erroneous under *Fowler*, which may or may not be true given the Supreme Court's holding.

The Court is without sufficient information to determine whether the jury instructions in Petitioner's case were erroneous under *Fowler*, or whether the government would have been able to satisfy the reasonable likelihood standard articulated therein. There may not have been grave error constituting a miscarriage of justice in Petitioner's criminal case. However, at this stage in the litigation, given the limited Seventh Circuit precedent on this issue, the Court

5

finds it prudent to allow Petitioner's claim to proceed. That is, during its initial review, the Court declines to find that Petitioner's *Fowler* claim is without merit. Therefore, the Court **ORDERS** respondent Werlich, the Warden of Greenville USP, to file a response to the Petition.

**IT IS HEREBY ORDERED** that Respondent **WERLICH** shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before March 19, 2018).[1] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each of any change in his whereabouts during the pendency of this action. This

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.15
16:56:00 -06'00'

**United States District Judge**